FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA B.,[1] | No. 4:21-cv-05134-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **ECF Nos. 14, 18** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 14, 18. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 14, and denies Defendant's motion, ECF No. 18.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

ORDER - 2

F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

ORDER - 3

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 4

1   If the severity of the claimant's impairment does not meet or exceed the

2   severity of the enumerated impairments, the Commissioner must pause to assess

3   the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4   defined generally as the claimant's ability to perform physical and mental work

5   activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

6   404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the

7   analysis.

8   At step four, the Commissioner considers whether, in view of the claimant's

9   RFC, the claimant is capable of performing work that he or she has performed in

10   the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

11   If the claimant is capable of performing past relevant work, the Commissioner

12   must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

13   If the claimant is incapable of performing such work, the analysis proceeds to step

14   five.

15   At step five, the Commissioner considers whether, in view of the claimant's

16   RFC, the claimant is capable of performing other work in the national economy.

17   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

18   the Commissioner must also consider vocational factors such as the claimant's age,

19   education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

20   416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

ORDER - 5

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On February 20, 2014, Plaintiff applied both for Title II disability insurance benefits and Title XVI supplemental security income benefits alleging a disability onset date of March 1, 2013. Tr. 92-93, 226-38, 3253. The applications were denied initially and on reconsideration. Tr. 150-57, 160-70. Plaintiff appeared before an administrative law judge (ALJ) on October 31, 2016. Tr. 37-91. On January 11, 2017, the ALJ denied Plaintiff's claim. Tr. 15-36. Plaintiff appealed the denial, resulting in a stipulated remand. Tr. 1315-26. On September 9, 2019, Plaintiff appeared before an ALJ for a remand hearing. Tr. 1239-86. On September 26, 2019, the ALJ again denied Plaintiff's claim. Tr. 1214-38. Plaintiff

again appealed the denial, and on August 24, 2020, this Court granted Plaintiff's Motion for Summary Judgment.  Tr. 3409-38.  On June 16, 2021, Plaintiff appeared for another remand hearing.  Tr. 3303-44.  Plaintiff again denied Plaintiff's claim on July 27, 2021.  Tr. 3250-77.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2016, has not engaged in substantial gainful activity since March 1, 2013.  Tr. 3256.  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease/spondylosis, migraines, obesity, sleep disorder, posttraumatic stress disorder, and anxiety.  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 3257.  The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; she can never climb ladders, ropes, or scaffolds; she should avoid concentrated exposure to extreme cold, more than moderate exposure to industrial vibration and bright lights, and all exposure to hazards; she can understand, remember, and carry out simple, routine tasks; she can maintain concentration, persistence, or pace for up to two-hour intervals between standard scheduled breaks; she would require a predictable work environment with seldom changes and no fast-paced production rate of pace; she should avoid all interaction with the public; and she could have only occasional, superficial interaction (i.e., only non-collaborative, no teamwork) with co-workers and supervisors.

ORDER - 7

Tr. 3259-60.

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work. Tr. 3265. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as photocopy machine operator and routing clerk. Tr. 3267. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of March 1, 2013, through the date of the decision. *Id*.

Per 20 C.F.R. §§ 404.984, 416.1484, the ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.

ORDER - 8

1    Plaintiff raises the following issues for review:

2    1.  Whether the ALJ violated the rule of mandate and law of the case

3        doctrines;[2]

4    2.  Whether the ALJ properly evaluated the medical opinion evidence;

5    3.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

6    4.  Whether the ALJ conducted a proper step-two analysis.

7    ECF No. 14 at 2.

8                              **DISCUSSION**

9    **A. Rule of Mandate and Law of the Case**

10   Plaintiff contends the ALJ violated the rule of mandate and law of the case

11   doctrines.  ECF No. 14 at 4-20.

12   The law of the case doctrine applies in the Social Security context.  *Stacy v.*

13   *Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).  Under the law of the case doctrine, a

14   court is precluded from revisiting issues which have been decided, either explicitly

15   or implicitly, in a previous decision of the same court or a higher court.  *Hall v.*

16   *City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).  The doctrine of the law

17   _____

18   [2] Plaintiff did not list this as a separate issue but rather incorporated it in the other

19   issues; as this issue impacts the entirety of the ALJ's decision, the Court addresses

20   it as a separate issue.

ORDER - 9

of the case "is concerned primarily with efficiency, and should not be applied

when the evidence on remand is substantially different, when the controlling law

has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at

567.

The rule of mandate also applies in Social Security cases. *Id.* at 566-67.

"The rule of mandate is similar to, but broader than, the low of the case doctrine."

*Id.* at 568 (quoting *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)). The

rule requires that any district court that has received an appellate court's mandate

not vary or examine the mandate for any purpose, other than executing it. *Hall,*

697 F.3d at 1067. The court may decide anything not foreclosed by the mandate

but commits error if it takes actions that contradict the mandate. *Id.*

The ALJ was instructed to reconsider the step two findings, the opinions of

Ms. Pingel, Ms. Castillo, Dr. Wright, and Dr. Cooper, as well as Plaintiff's

symptom claims. Tr. 3422-36. First, this Court ordered:

> On remand, the ALJ is instructed to reconsider whether Plaintiff's
> PTSD is a severe medically determinable impairment . . . If the ALJ
> finds PTSD is a severe medically determinable impairment, the ALJ is
> instructed to consider if Plaintiff's impairments meet or equal Listing
> 12.15. The ALJ is further instructed to call a psychological expert to
> assist with determining Plaintiff's severe impairments, if she meets or
> equals a listing, and what limitations her impairments cause.

> Tr. 3426.

ORDER - 10

Yet, the ALJ stated, "The District Court did not direct the undersigned to reconsider whether any of the claimant's physical impairments met or medically equaled a listing, and the undersigned incorporates the findings and discussion at step 3 from the previous Administrative Law Judge decision herein as though fully set forth." Tr. 3257.  This was an error.

When considering medical equivalence, the ALJ is required to consider whether the claimant's impairments medically equal a listing.  20 C.F.R. §§ 404.1526, 416.926.  Medical equivalence is not determined in a vacuum- the ALJ may not only look at psychological impairments when analyzing medical equivalence.  *See id.*  When determining medical equivalence, the ALJ must look at whether the combination of impairments equals a listing, and the ALJ is required to consider "all evidence in your case record about your impairment(s)" and all symptoms, including pain, must be considered.  *Id.*  At the hearing, the psychological expert testified that Plaintiff's symptoms did not precisely satisfy the criteria of a listing, Tr. 3312, but she was not asked whether the symptoms equaled a listing.  The expert testified "Being in pain can make you anxious in and of itself which is why I think she's taking both morphine and hydrocodone.  But again, I'm not a medical doctor."  Tr. 3321.  Despite the expert's testimony, the ALJ did not account for Plaintiff's pain symptoms when addressing whether Plaintiff's impairments together equal a listing.  The ALJ erred in failing to follow the

ORDER - 11

1  remand order, by improperly parsing out Plaintiff's impairments instead of

2  considering the totality of the evidence when addressing medical equivalence.

3      Next, the Court ordered the ALJ to reconsider the medical opinions of Ms.

4  Pingel, Ms. Castillo, Dr. Wright, and Dr. Cooper.  Tr. 3428-32.  Despite being

5  ordered to reconsider the medical opinions, the ALJ's analysis of the medical

6  opinions is largely duplicative of the prior analysis.  *Compare* Tr. 1225-28 to Tr.

7  3260-65.  The ALJ's decision to merely copy and paste most of the decision is

8  particularly troublesome considering the passage of almost two years between the

9  hearings, the addition of new medical records, new opinion evidence, new

10  testimony from the Plaintiff, and a new severe impairment.  Yet, the majority of

11  the analysis is word-for-word the same as the prior decision.

12      For example, the ALJ copied the prior summary of Ms. Pingel's opinion.

13  Tr. 1225, 3262.  The ALJ copied the analysis, "The undersigned assigns Ms.

14  Pingel's opinion little weight when considering the evidence as a whole.  Ms.

15  Pingel performed her evaluation five months after the claimant's alleged onset

16  date . . ."  *Id.*  This Court previously found the ALJ erred in rejecting Ms. Pingel's

17  opinion, which is based on mental health symptoms, due to its conflict with Ms.

18  Inglin's opinion, which is based on physical symptoms.  Tr. 3431.  Yet, the ALJ

19  repeated, "The undersigned notes, that within one month of Ms. Pingel's

20  evaluation, Barbara Inglin, PA-C, stated that the claimant's impairments do not

ORDER - 12

limit her from looking for work and that claimant could work at a light exertional level." Tr. 1225, 3262.

The ALJ erred in failing to follow the remand order, including failing to properly consider medical equivalence.  The ALJ also erred in recommitting errors this Court had already considered and found to be erroneous.

## B. Medical Opinion Evidence

Plaintiff contends the ALJ erred in her consideration of the opinions of Ms. Pingel, Dr. Cooper, Ms. Castillo, Dr. Monis, Dr. Rubio, Dr. Vu, Ms. Inglin, Dr. Comrie, and Dr. Beaty.  ECF No. 14 at 11-19.  As discussed *supra,* the ALJ failed to follow this Court's prior order when addressing the medical opinion evidence.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of

ORDER - 13

specialists concerning matters relating to their specialty over that of

nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ

may reject it only by offering "clear and convincing reasons that are supported by

substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

"However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

(9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81

F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a nonexamining physician may

serve as substantial evidence if it is supported by other independent evidence in the

record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

### 1. *Ms. Pingel*

Ms. Pingel, a treating nurse practitioner, provided an opinion on Plaintiff's

functioning on August 2, 2013. Tr. 500-05. Ms. Pingel diagnosed Plaintiff with

PTSD, generalized anxiety disorder, and panic disorder without agoraphobia. Tr.

501. Ms. Pingel opined Plaintiff was unable to work due to mood instability and

ORDER - 14

medication adjustments, and she could not seek work due to her anxiety and lack

of trust of others.  Tr. 503, 505.  The ALJ gave Ms. Pingel's opinion little weight.

Tr. 3262.  As Ms. Pingel is not an acceptable medical source, the ALJ was required

to give germane reasons to reject the opinion.  *See Ghanim v. Colvin*, 763 F.3d

1154, 1161 (9th Cir. 2014).

This Court previously found the ALJ erred in rejecting Ms. Pingel's opinion

because Ms. Pingel had diagnosed Plaintiff with PTSD; the opinion lacked a length

of time Plaintiff would be unable to work; and the opinion was inconsistent with

Ms. Inglin's and Dr. Cooper's opinions.  Tr. 3428-31.  The ALJ repeated the error

of rejecting Ms. Pingel's opinion in part because it was inconsistent with Ms.

Inglin's opinion.  Tr. 3262.

The ALJ also found Ms. Pingel's opinion was not accompanied by an

explanation of limitations that support the opinion.  *Id.*  The Social Security

regulations "give more weight to opinions that are explained than to those that are

not."  *Holohan*, 246 F.3d at 1202.  "[T]he ALJ need not accept the opinion of any

physician, including a treating physician, if that opinion is brief, conclusory and

inadequately supported by clinical findings."  *Bray*, 554 at 1228.  Ms. Pingel stated

Plaintiff had anxiety panic attacks, poor sleep, nightmares, experiences fear,

distrust of others, hyper alertness, and mood instability, and her symptoms and

medication adjustments prevent her from seeking work.  Tr. 503, 505.  Ms. Pingel

ORDER - 15

1  noted Plaintiff's GAF was 55, she was tearful at times, had "fair to good"

2  insight/judgment, a depressed mood, and fair energy/motivation.  Tr. 502-03.

3  Thus, the opinion contains an explanation of symptoms and resulting limitations.

4  This was not a germane reason to reject the opinion.

5        Next, the ALJ found Ms. Pingel's opinion was based on a first-time

6  examination, when Ms. Pingel had no longitudinal history of Plaintiff's

7  functioning.  Tr. 3262.  The number of visits a claimant had with a particular

8  provider is a relevant factor in assigning weight to an opinion.  20 C.F.R. §

9  416.927(c)(1).  However, the ALJ gave significant weight to the non-examining

10  State agency sources, who never met Plaintiff.  Tr. 3264-65.  The ALJ does not

11  offer an explanation as to why she credited opinions of sources who never met

12  Plaintiff over a source who had met Plaintiff on one occasion at the time the

13  opinion was rendered.  This was not a germane reason to reject Ms. Pingel's

14  opinion.

15        Lastly, the ALJ found Ms. Pingel's opinion was inconsistent with later

16  medical records.  Tr. 3262.  A medical opinion may be rejected if it is unsupported

17  by medical findings.  *Bray*, 554 F.3d at 1228; *Batson v. Comm'r of Soc. Sec.*

18  *Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947,

19  957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001);

20  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  Moreover, an ALJ is not

1   obliged to credit medical opinions that are unsupported by the medical source's

2   own data and/or contradicted by the opinions of other examining medical sources.

3   *Tommasetti*, 533 F.3d at 1041.  The ALJ noted that Ms. Pingel did not repeat her

4   statement that Plaintiff was unable to work in later medical records.  Tr. 3262.

5   However, Ms. Pingel also did not indicate any change in Plaintiff's ability to work.

6   At the only specifically cited appointment, Ms. Pingel noted Plaintiff needed to

7   "work on getting out and interacting with others," without an "increase in panic

8   attacks."  Tr. 517.  The ALJ otherwise cited to exhibits 8F and 10F, without citing

9   to any specific pages.  Tr. 3262.  Exhibit 8F contains 260 pages, and exhibit 10F

10  contains 101 pages.  The ALJ did not offer any explanation as to what

11  inconsistencies exist in the records except the lack of additional mentions of

12  Plaintiff's inability to work.  Without any further explanation, and without citations

13  to any other specific appointments, the Court cannot meaningfully analyze this

14  finding.  *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require

15  the ALJ to build an accurate and logical bridge from the evidence to her

16  conclusions so that we may afford the claimant meaningful review of the SSA's

17  ultimate findings.").  While Defendant offers citations and explanations, ECF No.

18  18 at 7-8, the Court will not consider *post hoc* rationalization.  *See Orn v. Astrue,*

19  495 F.3d 625, 630 (9th Cir. 2007).

20

ORDER - 17

1      *2. Other Medical Opinions*

2      Plaintiff also contends the ALJ erred in her consideration of the opinions of

3   Dr. Cooper, Ms. Castillo, Dr. Monis, Dr. Rubio, Dr. Vu, Ms. Inglin, Dr. Comrie,

4   and Dr. Beaty.  ECF No. 14 at 13-19.  As the Court finds remand for immediate

5   benefits is appropriate for the reasons discussed *supra*, the Court declines to

6   address the remaining medical opinions.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212

7   (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we

8   decline to reach [plaintiff's] alternative ground for remand.").

9   **C. Plaintiff's Symptom Claims**

10      Plaintiff faults the ALJ for failing to rely on reasons that were clear and

11   convincing in discrediting her symptom claims.  ECF No. 14 at 3-11.  An ALJ

12   engages in a two-step analysis to determine whether to discount a claimant's

13   testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.

14   "First, the ALJ must determine whether there is objective medical evidence of an

15   underlying impairment which could reasonably be expected to produce the pain or

16   other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

17   "The claimant is not required to show that [the claimant's] impairment could

18   reasonably be expected to cause the severity of the symptom [the claimant] has

19   alleged; [the claimant] need only show that it could reasonably have caused some

20   degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim*, 763 F.3d at 1163 (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims.  *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas*, 278 F.3d at 958 (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§ 404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence.  Tr. 3260-61.

As the Court finds remand for immediate benefits is appropriate for the reasons discussed *supra,* the Court declines to reach this issue.  *See Hiler*, 687 F.3d at 1212 ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

**D. Step Two**

Plaintiff contends that if immediate benefits is not granted, the case should be remanded for a reconsideration of Plaintiff's arm impairments at step two.  ECF No. 14 at 20-21.  As the Court finds remand for immediate benefits is appropriate for the reasons discussed *supra,* the Court declines to reach this issue.  *See Hiler*, 687 F.3d at 1212 ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

**E. Remedy**

Plaintiff urges this Court to award immediate benefits.  ECF No. 14 at 19-20.  "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).  When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874

F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.  Here, the Court finds that each of the credit-as-true factors is satisfied and that remand for the calculation and award of benefits is warranted.

As to the first element, administrative proceedings are generally useful where the record "has [not] been fully developed," *Id.* at 1020, there is a need to resolve conflicts and ambiguities, *Andrews*, 53 F.3d at 1039, or the "presentation of further evidence . . . may well prove enlightening" in light of the passage of time, *I.N.S. v Ventura*, 537 U.S. 12, 18 (2002).  *Cf. Nguyen v. Chater*, 100 F.3d 1462, 1466-67 (9th Cir. 1996) (remanding for ALJ to apply correct legal standard, to hear any additional evidence, and resolve any remaining conflicts); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (same); *Dodrill*, 12 F.3d 918, 919 (9th Cir. 1993) (same); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (en banc) (same).

Here, the record has been fully developed.  There is ample medical evidence in the record, spanning the entire relevant adjudicative period.  There are multiple disabling opinions in file.  Plaintiff has testified at multiple hearings.  There is no further need for development.

As to the second prong, as discussed *supra*, the ALJ failed to provide legally sufficient reasons, supported by substantial evidence, to reject Ms. Pingel's opinion.  Therefore, the second prong of the credit-as-true rule is met.

The third prong of the credit-as-true rule is satisfied because if Plaintiff's symptom claims or the medical opinion evidence were credited as true, the ALJ would be required to find Plaintiff disabled.

Finally, the record as a whole does not leave serious doubt as to whether Plaintiff is disabled.  *Garrison*, 759 F.3d at 1021.  Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application.  *Treichler*, 775 F.3d at 1100 (internal citations omitted).  In *Vasquez*, the Ninth Circuit exercised its discretion and applied the "credit as true" doctrine because of Claimant's advanced age and "severe delay" of seven years in her application.  *Vasquez*, 572 F.3d at 593-94.  Here, the delay of over nine years from the date of the application makes it appropriate for this Court to exercise its discretion and apply the "credit as true" doctrine pursuant to Ninth Circuit precedent.

Defendant contends a remand for another hearing is necessary because of conflicting medical opinions.  ECF No. 18 at 16.  There have been three opportunities for the medical opinion evidence to be properly considered, and two

ORDER - 23

opportunities for the ALJ to remedy errors made in the prior hearings.  Due to the

ALJ's disregard of this Court's prior remand orders, the Court declines to give a

fourth opportunity for the medical opinions to be weighed.  As the credit-as-true

doctrine is a prophylactic rule, immediate benefits are appropriate in this case.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the

ALJ's decision is not supported by substantial evidence and is not free of harmful

legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff

REVERSING and REMANDING the matter to the Commissioner of Social

Security for immediate calculation and award of benefits.

The District Court Executive is directed to file this Order, provide copies to

counsel, and **CLOSE THE FILE.**

DATED August 14, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 24